USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/2/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL LEWIS,

                Plaintiff,

-against-

COMMISSIONER ANNUCCI, et al.,

                Defendants.

No. 16-CV-10048 (NSR)

**OPINION & ORDER**

---

NELSON S. ROMÁN, United States District Judge

*Pro Se* Plaintiff Michael Lewis ("Plaintiff") brought this action *in forma pauperis* against Defendants Commissioner Annucci ("Annucci"), Superintendent Perez ("Perez"), Lt. Robert Oliver ("Oliver"), and Deputy Superintendent for Security Cavaleri ("Cavaleri"), employees of the New York State Department of Corrections and Community Supervision ("DOCCS")[1] for alleged constitutional violations pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment rights.

Defendants Annucci,[2] Perez, Oliver, and Cavaleri move to dismiss the Amended Complaint as against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* EFC No. 62, "Defendants' Motion.") For the reasons stated below, Defendants' motion is GRANTED.

---

[1] Plaintiff's initial complaint was filed on December 29, 2016 (*See* ECF No. 62). On March 24, 2017 Plaintiff filed an Amended Complaint as a matter of right. (*See* EFC No. 14, "Amended Complaint.") The Amended Complaint names four other defendants (Lt. Limaye, C.O. Florio, C.O. Fuentes, and C.O. DiMaggio); however, those defendants did not join the motion to dismiss that is the subject of this Opinion.

[2] The Plaintiff's Opposition to Defendant's Motion to Dismiss, filed October 30, 2017, (*See* ECF No. 73, "Pl. Br."), voluntarily dismissed claims against Annucci; accordingly this Opinion does not address Annucci's argument.

## BACKGROUND

The following facts, which are taken from the Amended Complaint, are construed in the light most favorable to Plaintiff, as he is the non-moving party.[3] *See, Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013); *Gonzalez v. Hasty*, 651 F.3d 318, 321 (2d Cir. 2011).

Plaintiff, an inmate at Downstate Correctional Facility, states that, at approximately 10:50 a.m. on November 30, 2015, Plaintiff was involved in two separate incidents involving C.O. Florio, C.O. Fuentes and C.O. DiMaggio, in the presence of Lt. Limaye. (*See* Am. Compl. at 1.) While Plaintiff was waiting in the bathroom next to an inmate holding pen, C.O. Florio and C.O. DiMaggio restrained Plaintiff's arms while C.O. Fuentes, who was behind Plaintiff, pulled down Plaintiff's pants and undershorts. (*Id.*) C.O. Fuentes then inserted what Plaintiff felt to be a steal bar into his anus three times. (*Id.*) While this was occurring, Plaintiff was also repeatedly punched in his stomach and side by the correction officers. (*Id.*) Furthermore, the correction officers threatened Plaintiff's life if he was to tell anyone about the incident. (*Id.*) The object that appeared to be a steal bar was then again inserted into Plaintiff's anus two additional times. (*Id.*) Plaintiff was then punched in the back of his head. (*Id.*) Lt. Limaye was present during both incidents and eventually told the correction officers to stop. (*Id.*)

## STANDARD ON A MOTION TO DISMISS

On a Rule 12(b)(6) Motion to Dismiss, the Court must accept all facts set forth in the complaint as true and draw all reasonable inferences in Plaintiff's favor. *See, e.g., Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

---

[3] The Court assumes the truth of the facts alleged in Plaintiff's Amended Complaint for purposes of this motion only, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." (*Id.*) Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010). A court should accept non-conclusory allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008). If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12 CV 6718 (CS), 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013).[4] The court should interpret *pro se* complaints "to raise the strongest arguments that they suggest." *Paboti v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Even so, "*pro se* plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (internal quotation marks omitted). Dismissal is justified where "the complaint lacks an allegation regarding an element necessary to obtain relief," and the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty

---

[4] *See also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

3

to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and alterations omitted).

## DISCUSSION

### A. § 1983 Claims

The Complaint appears to allege a constitutional claim for excessive force. Although Plaintiff has not specified a statutory basis for his claim, the Court analyzes claims of this type under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege (1) "that the defendants have deprived him [or her] of a right secured by 'the Constitution and laws' of the United States" and (2) "that the defendants acted under 'color of state law' in infringing his [or her] constitutionally protected right." *Stevens v. Dutchess County, N.Y.*, 445 F. Supp. 89, 91 (S.D.N.Y. 1977) (quoting *Van Horn v. Lukhard*, 392 F.Supp. 384, 386 (E.D. Va. 1975)).

### B. Failure to State a Claim

Individual defendants are liable for § 1983 violations only if they were "personally involved" in the constitutional deprivations. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013); *Stevens v. New York*, 691 F. Supp. 2d 392, 400-02 (S.D.N.Y. 2009).

In a Section 1983 case, *respondeat superior*, or vicarious liability principles, do not apply, and a complaint must contain well-pleaded allegations that each government-official defendant, violated the Constitution through his own actions. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996); *see also Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (enumerating ways an individual defendant may have

violated the Constitution). "An individual cannot be held liable for damages under § 1983 merely because he held a high position of authority, but can be held liable if he was personally involved in the alleged deprivations." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004).

As summarized above, Plaintiff's Complaint contains allegations specific to certain individual defendants, the non-moving defendants. (*See* Am. Compl. at 1-2.) The Complaint is entirely silent, however, as to Moving Defendants Perez, Oliver, and Cavaleri. (*Id.*) Where, as here, the complaint's caption is the sole reference to certain individual defendants, any Section 1983 claims against those defendants cannot withstand even the most generous facial review under Rule 12(b)(6). *Jaffer v. Chemical Bank*, No. 93 CV 8459 (KTD), 1994 WL 392260, at *3 (S.D.N.Y. July 26, 1994) ("When a complaint's caption names a defendant but the complaint does not indicate that the named party injured the plaintiff or violated the law, the motion to dismiss must be granted."). *See also Rodriguez v. Chandler*, 641 F. Supp. 1292, 1294, n.1 (S.D.N.Y.1986), *aff'd*, 841 F.2d 1117 (2d Cir.1988)). Plaintiff did not state any allegations that suggests Perez, Oliver, and Cavaleri were personally involved in the constitutional violations. (*See* Am. Compl. at 1-2.) In fact, the Amended Complaint does not even mention these Defendants in the allegations at all. (*Id.*) As a result, the Amended Complaint fails "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). For these reasons, the Defendants' Motion is granted.

### C. Leave to Re-plead

Plaintiff's sur-reply, filed on January 2, 2018, (*See* ECF No. 77), indicates that all Defendants, including the Moving Defendants, were at the very least aware of the constitutional deprivations alleged and willingly allowed said deprivations to occur. Such an assertion, however,

violated the Constitution). "An individual cannot be held liable for damages under § 1983 merely because he held a high position of authority, but can be held liable if he was personally involved in the alleged deprivations." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004).

As summarized above, Plaintiff's Complaint contains allegations specific to certain individual defendants, the non-moving defendants. (*See* Am. Compl. at 1-2.) The Complaint is entirely silent, however, as to Moving Defendants Perez, Oliver, and Cavaleri. (*Id.*) Where, as here, the complaint's caption is the sole reference to certain individual defendants, any Section 1983 claims against those defendants cannot withstand even the most generous facial review under Rule 12(b)(6). *Jaffer v. Chemical Bank*, No. 93 CV 8459 (KTD), 1994 WL 392260, at *3 (S.D.N.Y. July 26, 1994) ("When a complaint's caption names a defendant but the complaint does not indicate that the named party injured the plaintiff or violated the law, the motion to dismiss must be granted."). *See also Rodriguez v. Chandler*, 641 F. Supp. 1292, 1294, n.1 (S.D.N.Y.1986), *aff'd*, 841 F.2d 1117 (2d Cir.1988)). Plaintiff did not state any allegations that suggests Perez, Oliver, and Cavaleri were personally involved in the constitutional violations. (*See* Am. Compl. at 1-2.) In fact, the Amended Complaint does not even mention these Defendants in the allegations at all. (*Id.*) As a result, the Amended Complaint fails "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). For these reasons, the Defendants' Motion is granted.

### C. Leave to Re-plead

Plaintiff's sur-reply, filed on January 2, 2018, (*See* ECF No. 77), indicates that all Defendants, including the Moving Defendants, were at the very least aware of the constitutional deprivations alleged and willingly allowed said deprivations to occur. Such an assertion, however,

was not alleged in the Amended Complaint. (*See* Am. Compl. at 1-2.) A Court is "limited to the facts as presented within the four corners of the complaint, [the] documents attached to the complaint, or [] documents incorporated within the complaint by reference. *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (citing *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). A party is not entitled to amend a complaint through statements made in opposition papers. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir.1998) (citing *IIT v. Cornfeld*, 619 F.2d 909, 914 & n. 6 (2d Cir.1980)). Accordingly, such improperly asserted allegations cannot save its Amendment Complaint from dismissal. Nevertheless, taking Plaintiff's *pro se* status into consideration, the Court grants leave[5] for Plaintiff to amend the Complaint to state a valid claim against Defendants Perez, Oliver, and Cavaleri, and to include the allegations asserted in the sur-reply in the amended pleading.[6]

### D. Qualified Immunity

The Defendants also assert qualified immunity as an alternative argument and affirmative defense to Plaintiff's claim. (*See* Defs. Mot. at 5-7.) "In actions under 42 U.S.C. § 1983, good faith or qualified immunity is an affirmative defense which must be pleaded by the defendant officials." *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir. 1986) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815, (1982); *Sec. & Law Enforcement Emp. Dist. C. 82 v. Carey*, 737 F.2d 187, 210 (2d Cir. 1984)).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not

---

[5] "'[A] *pro se* complaint is to be read liberally,' and should not be dismissed without granting leave to re-plead at least once when such a reading 'gives any indication that a valid claim might be stated.'" *Barms v. United States*, 204 F. App'x 918, 919 (2d Cir. 2006) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).
[6] On December 18, 2017, without leave of Court, Plaintiff submitted a Second Amended Complaint. In the Court's order dated January 2, 2018, (*See* ECF No. 79), the Second Amended Complaint was dismissed without prejudice as it was untimely and improper. Plaintiff is free to now include those assertions in the amended pleading as well.

violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982); *Johnson v. Perry*, 859 F.3d 156, 169 (2d Cir. 2017). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *McClenton v. Menifee*, 05 CV 2844 (JGK), 2006 WL 2474872, at *14 (S.D.N.Y. Aug. 22, 2006) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (per curiam) (internal citation and quotation marks omitted)). Qualified immunity protects defendants not just from liability, but also from having to litigate at all. *Saucier v. Katz*, 533 U.S. 194, 200 (2001).

There is a two-step analysis in determining whether an official is entitled to qualified immunity. *See Saucier*, 533 U.S. at 201-02; *Loria v. Gorman*, 306 F.3d 1271, 1281 (2d Cir. 2002). "In resolving the question of qualified immunity, a court must decide whether the alleged conduct was a violation of a constitutional right and whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 164 n. 2 (2d Cir. 2013) (citing *Saucier*, 533 U.S. at 201); *see also Hope v. Pelzer*, 536 U.S. 730, 739, (2002) (contours of constitutional right violated must be sufficiently clear). To determine whether a right was clearly established, the Court looks to:

> (1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under preexisting law a reasonable defendant official would have understood that his or her acts were unlawful.

*Gonzalez*, 728 F.3d at 163–64 (2d Cir. 2013) (quoting *Shechter v. Comptroller of City of N.Y.*, 79 F.3d 265, 271 (2d Cir. 1996)).

"[J]udges of the district courts . . . should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first

7

in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The U.S. Supreme Court recognized in *Pearson* that "it often may be difficult to decide whether a right is clearly established without deciding precisely what the existing constitutional right happens to be." (*Id.*) (quoting *Lyons v. Xenia*, 417 F.3d 565, 581 (C.A.6 2005)). "When qualified immunity is asserted at the pleading stage, the precise factual basis for the plaintiff's claim or claims may be hard to identify." (*Id.* at 238-39) (citing *Lyons*, 417 F.3d at 582)).

"In this Circuit, a defendant may [raise qualified immunity in a pre-answer motion to dismiss], but the defense is held to a higher standard than if it were asserted in a motion for summary judgment." *Sledge v. Bernstein*, No. 11 CV. 7450(PKC)(HBP), 2012 WL 4761582, at *4 (S.D.N.Y. Aug. 2, 2012); *see also McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (a defense of qualified immunity in a motion to dismiss can only be sustained if plaintiff cannot state any facts that would prevent the application of qualified immunity).

As decided supra, Plaintiff has failed to allege a plausible claim against the Moving Defendants. The Court thus need not address whether the Defendants are entitled to qualified immunity at this time.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, without prejudice. Plaintiff is granted leave to re-plead in conformity with this Opinion.

The Plaintiff shall have thirty days (30) from date of this order to file his Second Amended Complaint if he so desires. If Plaintiff fails to file a Second Amended Complaint by April 2, 2018, the claims against the Moving Defendants Perez, Oliver, and Cavaleri will be dismissed with

prejudice.[7] Any stays in effect are deemed vacated and the Defendants are directed to notify Judge Lisa M. Smith of this Court's Opinion forthwith. The Court respectfully directs the Clerk to terminate the motion at ECF No. 62, and to mail a copy of this Opinion to the Plaintiff.

Dated: March 2, 2018
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[7] To the extent Plaintiff chooses to file a Second Amended Complaint, he is hereby cautioned to specifically include facts pertaining to the Moving Defendants' personal involvement in the incident. Failure to do so will warrant dismissal with prejudice.

9