UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LEWIS,

               Plaintiff,

-against-

COMMISSIONER ANNUCCI, et al.,

               Defendants.

16-cv-10048 (NSR)(LMS)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Michael Lewis ("Plaintiff"), proceeding *pro se*, commenced this action in December 2016 asserting claims, *inter alia*, pursuant to 42 U.S.C. § 1983. (ECF No. 2.) Presently before the Court is a Report and Recommendation ("R & R") of Magistrate Judge Lisa M. Smith ("MJ Smith") recommending that Defendants' motion to dismiss for failure to prosecute be granted. (ECF No. 109.) For the following reasons, the Court adopts MJ Smith's R & R in its entirety, and Defendants' motion to dismiss is granted.

## BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case.

Plaintiff filed his initial Complaint on December 29, 2016. On March 24, 2017, Plaintiff filed an Amended Complaint on March 24, 2017. (ECF No. 14.) By order of reference, the matter was referred to MJ Smith for all pretrial matters. (ECF No. 66.) On or about August 27, 2017, multiple Defendants moved to dismiss the Amended Complaint, which the operative complaint. (ECF No. 62.) By Opinion and Order dated March 2, 2018 (the "Opinion"), the Court dismissed multiple claims as asserted against Defendants Annucci, Perez, Oliver and Cavaleri.[1] (ECF No.

---

[1] In his opposition to Defendants' motion to dismiss, Plaintiff voluntarily dismissed his claims as against Annucci. (ECF No. 73).

1

82.) Pursuant to the Court's Opinion, Plaintiff was given thirty days to replead multiple claims, otherwise the claims would be deemed dismissed with prejudice. *See id.* at 8-9. Due to Plaintiff's failure to timely file a second amended complaint as directed in the Court's Opinion, the claims asserted against Defendants Annucci, Perez, Oliver and Cavaleri were dismissed with prejudice. *See* Memorandum and Order, April 24, 2018 (the "Memorandum") at 2 (ECF No. 87).

Following the Court's issuance of the Memorandum, MJ Smith scheduled and presided over multiple conferences at which Plaintiff failed to appear, including on August 9, 2018 and September 11, 2018. On September 12, 2019, the remaining Defendants filed a motion to dismiss due to Plaintiff's failure to prosecute. (ECF No. 96.) On October 1, 2018, Plaintiff sent a letter to MJ Smith informing that he was hospitalized and unavailable until after September 24, 2018. (ECF No. 98.) By docket entry dated October 3, 2019, MJ Smith denied Defendants' motion to dismiss, without prejudice to renew, and set the matter down for a conference on October 24, 2018. On October 24, 2018, Plaintiff failed to appear at the conference. Thereafter, Plaintiff failed to appear at several other scheduled conferences from December 6, 2018 through May 7, 2019. The Court notes that MJ Smith forwarded a written notice to Plaintiff of each scheduled conference wherein notice was given that the failure to appear may result in sanctions, including the striking or dismissal of claims.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). When a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. § 72(b)(2)(3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 Advisory Committee's Notes on 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Neither party timely objected to the R & R. Thus, the Court reviews the R & R for clear error. Fed. R. Civ. Proc. § 41(b) ("Rule 41(b)"). Rule 41(b) provides that if a plaintiff fails to prosecute or to comply with a court order, a defendant may move to dismiss the action or any claim against it. Generally, Rule 41(b) imposes a duty upon a plaintiff to diligently prosecute his case. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). In her R & R, MJ Smith documents a history and pattern of negligence, including plaintiff's failure to appear at multiple court scheduled conferences, and a failure to diligently prosecute his claim(s). Upon the Court's own review of the docket, it agrees with MJ Smith's findings. Thus, the Court adopts the factual determinations and legal conclusions in the R & R and finds no clear error. Accordingly, Defendants' motion to dismiss is granted.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Smith's R & R in its entirety. Defendants' motion to dismiss for failure to prosecute is GRANTED and the operative complaint is deemed DISMISSED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 109, close the case, mail a copy of this Opinion to Plaintiff at his last known address, and to show proof of service on the docket.

Dated: September 13, 2019
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN